SAMUEL DIXON, Ex'or, &c. *v.* LOCKE E. HOUSTON, Assignee, &c.

PROBATE COURT: JURISDICTION: ASSIGNMENT OF DISTRIBUTIVE SHARE.—The Court of Probates has no jurisdiction to enforce an assignment, made by a distributee, of his interest in an estate, to a third person, nor to render a decree requiring an executor or administrator, to pay a share so assigned to the assignee. See *Hill* v. *Hardy et al.* 34 Miss. R. 289.

Dixon, Exr. *v.* Houston, Assignee.

APPEAL from the Court of Probates of Pontotoc county. Hon. John S. Neely, judge.

*George L. Potter,* for appellant.

*Yerger* and *Rucks,* and *H. R. Miller,* for appellee.

SMITH, C. J., delivered the opinion of the court.

This case in its inception, was a petition for distribution, filed in the Court of Probates of Pontotoc. The material facts are as follows, to wit: The last will and testament of William D. Dixon, deceased, was admitted to probate in said court, on the 14th of January, 1856; and on the same day Samuel Dixon, who was appointed executor by the will, qualified as such, and took out letters testamentary. By the will, a legacy of five hundred dollars was given to Caroline Dixon, testator's sister of the half-blood; and the residue of the estate was bequeathed to Willis H. Dixon, upon condition that he survived the testator. Willis H. died—never having been married—before the testator, who died, leaving neither wife nor child, nor lineal descendant; but having two brothers and a sister, to wit: Tilmon and Joseph Dixon, and Mrs. Greenbury, who were entitled, as distributees, to the undevised portion of his estate. The estate consisted of two slaves, some articles of personal property, of trifling value, and of money due upon notes and accounts, &c. The slaves were sold by the executor, under order of court, on the 18th of April, 1856, upon twelve months' credit; and, on the 8th of June, 1857, the appellee filed his petition, praying for a rule upon the executor to show cause why he should not make distribution of the estate; and tendered a refunding bond, as required by statute in such cases. The petition claimed one-third of the amount to be distributed after payment of the legacy of Caroline Dixon, and the necessary costs and charges of the administration. The claim to distribution, set up in the petition, was based upon an alleged purchase, by the petitioner, of the distributive share, or interest, of Tilmon Dixon, which was one-third of the residue, after payment of the said legacy, and the costs and charges of administration. A rule was accordingly granted; and, at the hearing, a decree was rendered, ordering the executor to pay the petitioner one thousand dollars. From which this appeal is prosecuted.

Several objections are taken to the decree; but it will be necessary to notice, only, the exception which applies to the jurisdiction of the court.

The appellee was in nowise connected with the administration of the testator's estate. He occupied neither the relation of heir of the deceased, distributee of the estate, nor that of legatee under the will. He was not, in any sense of the term, a creditor of the estate. Hence, the jurisdiction of the court could not attach to him, as a party interested in the succession. He claimed as purchaser, and assignee of one of the distributees. The question of the validity and construction of the assignment, was, therefore, directly and primarily presented for decision. It is evident, that if the Court of Probates had jurisdiction to adjudicate the question, in the manner it is here presented, and to grant the relief prayed for, there are very few questions arising upon contracts, in which the legatees, distributees, and even creditors of decedents' estates, might be interested, which would not be brought within the jurisdiction of the Courts of Probates. The recognition of the doctrine would produce the most disastrous confusion, by utterly confounding the jurisdiction of those courts, with the jurisdiction of the courts of law and equity in this State.

This view of the subject was held by this court in *Hill* v. *Hardy & William*, 34 Miss. R. 89, in which the precise question, here considered, was presented. The decision in that case, is, therefore, a conclusive authority in the case before us.

Decree reversed, and the petition ordered to be dismissed in the court below.